# MEMO ENDORSED

MATTHEW B. JOHNSON
MBJOHNSON@GRSM.COM
DIRECT DIAL: (212) 453-0767

**GORDON&REES**
SCULLY MANSUKHANI
**YOUR 50 STATE PARTNER®**

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FL.
NEW YORK, NY 10004
WWW.GRSM.COM

January 12, 2022

The Honorable Kenneth M. Karas
United States District Judge
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

  Re: *Yittel Biener v. Credit Control Services, Inc.*
    Case No. 7:21-cv-02809-KMK (S.D.N.Y.)
    Request for Extension of Discovery Period and Time to File Pre-Motion Letter

Dear Judge Karas:

My firm represents Defendant Credit Control Services, Inc. ("CCS") in this putative class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This particular action concerns a collection letter that CCS sent to Plaintiff seeking to collect a debt that Plaintiff denies owing. ECF 1 at ¶¶ 24-53. We write to request an extension of time to complete additional discovery and to request a conference to seek leave to file dispositive motions.

Background
The parties have exchanged interrogatories and requests for production. In CCS' first interrogatory, it asked Plaintiff to identify "each and every witness with knowledge of information relevant to whether CCS violated the FDCPA as alleged." In her response, dated July 19, 2021, Plaintiff identified herself, CCS and individuals employed by CCS.

Thereafter, on January 4, 2022, CCS deposed Plaintiff. At the deposition, CCS asked if Plaintiff had been involved in gathering documents to produce in the lawsuit. Plaintiff stated that she "had a company work for me so I don't really remember any information about certain documents." Asked to explain what she meant, Plaintiff identified "Two Point Zero" as "[a] company that does all these…. they will file the claim instead of me doing it by myself." Ex. A at 34:16-35:7. Asked for details regarding Two Point Zero's involvement, Plaintiff stated that she "wasn't involved" but that both she and her husband had spoken with Two Point Zero. Ex. A at 35:18-23. Further, Plaintiff testified that Two Point Zero "filed the claim for me." Ex. A. at 35:24-36:3. Finally, Plaintiff testified that Two Point Zero also referred her to her counsel. Ex. A at 54:4-8.

As Plaintiff failed to identify Two Point Zero in her discovery responses but testified that they were involved more than just in passing, CCS would like to subpoena the file of Two Point Zero on Plaintiff and possibly depose a Two Point Zero representative as to the role of the company in this litigation. CCS is interested in the previously undisclosed relationship between Two Point Zero and Plaintiff's counsel's firm as well. Although Plaintiff's counsel explained, off the

January 12, 2022
Page 2

record, that Two Point Zero is a credit repair organization, the debt at issue was not reported to any consumer reporting agency.

For these reasons, CCS respectfully requests an extension of discovery of 120 days from the close of discovery for the limited purpose of obtaining records from Two Point Zero and possibly deposing a representative thereof. CCS believes this amount of time is need to issue a subpoena, provide time for Two Point Zero to respond or possibly seek to quash the subpoena and to depose a Two Point Zero representative if appropriate.

Legal Standard
Courts have broad discretion to manage discovery. *Woelfe v. Black & Decker (U.S.) Inc.*, No. 1:18-cv-486, 2020 WL 1180749, at *1 (W.D.N.Y. Mar. 12, 2020) (citing *In re Subpoena issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)). The Federal Rules of Civil Procedure provide that the scope of discovery extends only to nonprivileged matters that are both (a) relevant to a claim or defense and (b) "proportional to the needs of the case." *Id.* (citing Fed. R. Civ. P. 26(b)(1)). In making proportionality determinations, a court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

If a scheduling order has been entered, it "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). A finding of good cause depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). To satisfy the standard, the movant must demonstrate that it has been diligent in its efforts to meet the Court's deadlines. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

CCS discovered the involvement of Two Point Zero on January 4, 2022, and just obtained a transcript of the Plaintiff's deposition today (as did Plaintiff). CCS believes that submitting this request on the day it received Plaintiff's deposition transcript demonstrates its diligence.

Results of Meet and Confer
CCS did meet and confer with Plaintiff's counsel regarding this request via telephone on January 11, 2022, and again on January 12, 2022. Plaintiff's counsel expressed the opinion that the proposed additional discovery is a fishing expedition that has nothing to do with the claims at issue—namely, that CCS allegedly attempted to collect a debt not owed (which CCS denies). Thus, Plaintiff opposes these requests.

Past Deadlines
Fact discovery was originally set to close on October 14, 2021. ECF No. 14. On December 15, 2021, the Court granted a joint request for an extension to complete discovery to January 14, 2022. ECF No. 33. If the Court were to grant the additional extension, the new deadline to complete fact discovery would be May 16, 2022 (the first Monday following the expiration of 120 days).

January 12, 2022
Page 3

An extension of the discovery period would also require an extension of the deadline to submit letter requests seeking a conference at which to request leave to file dispositive motions. The original deadline for the parties to file such letters was October 14, 2021. ECF No. 14. On October 11, 2021, the Court granted the parties an extension to file a pre-motion letter for dispositive motions to Dec. 23, 2021. ECF No. 24. On December 20, 2021, the Court granted a second extension through January 14, 2022 to file pre-motion letters. CCS respectfully requests that should the Court grant the requested motion to extend discovery that it also extend the deadline for pre-motion letters to May 23, 2022. If granted, these extensions would not affect any other presently set deadlines.

Present Deadline for Letters Seeking Conference to Seek Leave to File Dispositive Motions
As the present deadline to submit letters seeking a conference to request leave to file dispositive motions is January 14, 2022, whether or not the Court grants the request to extend discovery in this matter, CCS respectfully requests that the Court grant an extension, *nunc pro tunc* if issued after January 14, 2022, for the parties to submit such letter requests up to and including one week after the date Court issues a decision on the present request.

We thank the Court in advance for its consideration of this request.

Discovery will be extended by 90 days. The Court is sympathetic to Defendant's concern about Plaintiff's deposition, but it believes that 90 days should be sufficient, especially given that this is the second discovery extension request. The next case management conference will be held 5/ 25 / 22, at 11:00 The pre-motion deadlines are moved accordingly.

So Ordered.
1/25/22

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

Matthew B. Johnson

cc (via ECF):
Kara McCabe
*Plaintiff's counsel*

1235676/64170599v.1